IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE CHARLES JACKSON, JR., | : |
| Plaintiff | : |
| VS. | : |
| District Attorney GREGORY EDWARDS, Chief Judge WILLIE E. LOCKETTE, Judge STEPHEN S. GOSS, Ass't District Attorney ARKESIA JENKINS, and Public Defender CHARLES ARNOLD, JR., | : NO. 1:13-CV-196 (WLS) |
| Defendants | : **O R D E R** |

Plaintiff **WILLIE CHARLES JACKSON, JR.**, an inmate at Lee State Prison, has filed a lawsuit under 42 U.S.C. § 1983 (Doc. 1). Plaintiff has neither paid the Court's filing fee nor moved to proceed *in forma pauperis* ("IFP"). Solely for purposes of dismissing this action, Plaintiff shall be allowed to proceed IFP.

*I.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

1

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d

1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

In 2011, Plaintiff was arrested for, and subsequently pleaded guilty to, simple battery. The instant case concerns the subsequent revocation of Plaintiff's probation, although some of his allegations are unclear. Plaintiff complains that Defendant District Attorney Gregory W. Edwards maliciously prosecuted him, including "fraudulent preparation of legal documentation," "fraudulent sanction of probation," and misapplication of Georgia law. He additionally alleges that Defendant Chief Judge Willie E. Lockette "consented" to the malicious prosecution and "signed his name to fraudulently prepared legal documentation"; that Defendant Judge Stephen S. Goss, who apparently presided at Plaintiff's probation revocation hearing, violated "proper court room rules and procedures" by not admitting into evidence photos of the victim of Plaintiff's assault; and that Judge Goss violated Plaintiff's constitutional rights when he revoked his probation and required Plaintiff to serve the remaining seven years of his original sentence. Plaintiff also sues Assistant District Attorney Arkesia Jenkins, who was apparently the prosecuting attorney in Plaintiff's probation revocation hearing. Plaintiff objects to Jenkins' failure at Plaintiff's probation revocation hearing to introduce certain items into evidence, which Plaintiff contends would have proven he acted in self-defense.

In addition to the above Defendants, Plaintiff sues his public defender, Charles Arnold, who represented Plaintiff at his probation revocation hearing. Plaintiff fails to assert any allegations against Arnold.

As relief, Plaintiff seeks monetary damages from the Defendants.

### III. DISCUSSION

Plaintiff's claims against the Defendant judges and prosecutors are barred by the doctrine of absolute immunity. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). There is no suggestion that Judges Lockette or Goss acted in the clear absence of all jurisdiction. Similarly, prosecutors are entitled to absolute immunity when initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). For example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks and citation omitted). Like the Defendant judges, prosecutors Edwards and Jenkins are immune from liability for damages.

As Plaintiff's public defender, Charles Arnold did not act under color of state law and is therefore not subject to suit under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (in representing a criminal defendant, a public defender is not a state actor); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Although a public defender may be sued under

4

section 1983 if he conspired with someone who did act under color of state law, Plaintiff has alleged no such conspiracy. *Wahl*, 773 F.2d at 1173.

The Supreme Court's opinion in ***Heck v. Humphrey***, 512 U.S. 477 (1994), provides an additional reason this case must be dismissed. Under ***Heck***, if a judgment in favor of the plaintiff in a section 1983 lawsuit would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the conviction or sentence has already been invalidated. In addition to convictions and sentences, ***Heck*** applies to probation revocation proceedings. *See* ***Cobb v. Florida***, 293 F. App'x. 708, 709 (11th Cir.2008) ("challenge [ ] to the process used by the State of Florida to determine whether [prisoner] violated his probation" barred by ***Heck***). Because Plaintiff has not alleged that the revocation of his probation has been invalidated, either on appeal in the appropriate Georgia appellate court or in a state habeas action, ***Heck*** and its progeny bar Plaintiff's section 1983 claims.

Finally, Plaintiff's complaint is dated November 25, 2013, and it appears that certain of his claims may be barred by the two-year statute of limitations applicable to section 1983 claims in Georgia. Because there are ample other bases for dismissing this action, the Court need not examine the statute of limitations in additional detail.

## IV.  CONCLUSION

Based on the foregoing, the instant lawsuit is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 30th day of December, 2013.

/s/ W. Louis Sands  
W. LOUIS SANDS  
UNITED STATES DISTRICT JUDGE